Judge Robertson
delivered the opinion of the Court.
The only point in this case, is, whether-the chancellor should decree a new trial at law, on the discovery of additional witnesses, to prove a fact which was involved in the issue, on the trial.
It is a general rule, that the discovery of parol testimony, to a point tried in the issue, is not sufficient to authorize a new trial. The reason is, that a contrary doctrine would lead to fraud, subornation, delay, and vexatious uncertainty.
There are, however, exceptions from this rule. When, for instance, the applicant for a new trial, was usurprised” by evidence, which he had no reason for supposing that his adversary would attempt to offer, and therefore, had not sought for countervailing evidence; or when he was lulled by the fraudulent devices of his adversary, or by-his influence, a discovery of important evidence had been prevented before the trial at law, the chancellor would interpose.
Likea'billof review, a bill fora new trial should not be entertained, fpr a discovery of evidence, unless the new evidence be either of a certain and permanent character, as writing, or relevant to a point, which was not put in issue, for want of proof to sustain it. This is the general rule. We know of no case, in which a new trial has been granted or sanctioned by this court, on the isolated ground of a dig- *53 covery of witnesses, to a fact involved in the issue at law, and tried. That this ought never to be done, is proved, not only by the unjust and mischievous consequences of a different practice, but by an series of decisions, by this court. See Wells vs. Phelps, IV. Bibb, 563; Respass vs. M’Clannahan, Hardin, 345; Harrison vs. Wilson, II. Mar. 553; Miller vs. Field, III. Ib. 109; Fales vs. Shackleford, I. Litt, 35; Yancey vs. Downer, V. Ib. 10; Findley vs. Nancy, III. Mon. 403; Hunt vs. Boyier, I. J. J. Marshall, 484.
Denny, for plaintiff; Crittenden and Brown, for defendant,
In this case a judgment had been obtained by the defendant vs. the plaintiff in error, for a fraud in the' sale of a negro. This bill was filed for a new trial, on the sole ground, that the plaintiff in error, had discovered, since the trial, that the defendant, knew of the unsoundness of the negro when he bought him, and that no fraud was practised.
The court dissolved the injunction, and dismissed the bill. This was right. There is no allegation, that the judgment was obtained by fraud, or ‘by surprise, in the technical sense.
Decree affirmed with costs.